LUCERO, J.,
concurring.
Every month millions of young Americans who have' availed themselves of the type of student loan program at issue here faithfully make their payments. It is beyond dispute that the level of sacrifice required to make these payments is' a great one; many no doubt make such payments even when they consider the burden an “undue hardship.” It is important that the student loan program operate free of the cynicism that would infest the system if a disparate standard for discharge of loans would develop, leaving some students enduring the hardship of making loan payments while others are freed of their commitment on a floating standard. Because this case appears to be exceptional, I concur in the result reached by my esteemed colleagues.
I write, separately because I disagree with the majority’s adoption of Brunner’s second prong, which requires “that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.” Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir.1987). I disagree as to two aspects of the second prong: (1) the nature of the evidence of medical disability that we should require of debtors who seek to discharge their student loans based on medical conditions; and (2) the evidence required regarding the likely duration of the circumstances giving rise to “undue hardship.”
As to the- first issue, I am concerned that the majority opinion fails to enunciate a clear standard to measure “undue hardship” when a debtor asserts a medical disability as evidence. I would replace *1313 Brunner’s more subjective second prong with an objective standard for determination of medical disability, requiring that the bankruptcy court consider only evidence that rises to a level of “reasonable medical probability.”
The “reasonable medical probability” standard is not a novel one; in fact, it is ubiquitous in other contexts in both federal and state law. See, e.g., St. Anthony Hosp. v. U.S. Dep’t. of Health and Human Servs., 309 F.3d 680, 694 (10th Cir.2002) (applying a statutory “reasonable medical probability” standard in the context of the Emergency Medical Treatment and Labor Act’s “reverse-dumping” provisions); LeMaire v. United States, 826 F.2d 949, 954 (10th Cir.1987) (concluding that Colorado law required that medical opinions be founded on “reasonable medical probability” in order to be admissible); Houser v. Eckhardt, 168 Colo. 226, 450 P.2d 664, 668 (1969) (concluding that “[a] medical opinion is admissible if founded on reasonable medical probability”).
With respect to the issue of duration of the circumstances, the majority requires that the disability last for a “significant period of the loan.” It is my view that “significant period” is not sufficiently defined and is likely to lead to inconsistent outcomes. I would therefore reject this subjective inquiry and instead require an objective standard for determination of the duration requirement, leaving it to the medical experts to declare whether the disability will or will not extend for the duration of the loan. What is needed is legislation which excuses the payment of loans during periods of disability; however, in the absence of such legislation, bankruptcy courts ought to discharge student loans only when the medical record is clear that the disability involved is an enduring one.
Of course, factors other than medical disability can and should be taken into consideration in making the ultimate decision as to whether a debtor’s circumstances constitute “undue hardship” and warrant the discharge of a loan. To the extent that the decision is based on a medical disability determination, however, those medical factors should be based on objective rather than subjective criteria.